UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE McAFFEE,

    Petitioner,

v.                                      CASE NO. 8:07-CV-1206-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**<u>ORDER</u>**

This matter comes before the Court for consideration of Petitioner's Request for Certificate of Appealability (Dkt. 13) (hereinafter "COA") filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] The Court construes the COA as a notice of appeal of the September 23, 2009 decision denying Petitioner's petition for relief under 28 U.S.C. § 2254. Petitioner also filed a motion for leave to proceed on appeal *in forma pauperis* (Dkt. 15).

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

The Court denied Petitioner's petition on the merits (See Dkt. 11). While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.[3]

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Request for Certificate of Appealability (Dkt. 13) is **DENIED**.

2. Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Dkt. 15) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 9, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Petitioner pro se
Counsel of Record

---

[3] To the extent Petitioner asserts that the Court failed to give him an opportunity to file written objections to the Magistrate's findings and recommendation (Dkt. 13 at pgs. 3-4), there was no report and recommendation from a magistrate in this case.